UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | | | |
|---|---|---|---|
| Case No. | **CV 21-8581-DMG (Ex)** | Date | April 22, 2022 |
| Title | *Mark Clemons v. Element Materials Technology Huntington Beach LLC* | Page | 1 of 5 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [13] AND DEFENDANT'S MOTION TO DISMISS [9]**

This matter is before the Court on Plaintiff Mark Clemons' Motion to Remand ("MTR") [Doc. # 13.] The MTR is fully briefed. [Doc. ## 17, 19.] Also pending before the Court is Defendant Element Materials Technology Huntington Beach LLC's ("Element HB") Motion to Dismiss ("MTD"). [Doc. # 9.] For the reasons set forth below, the Court **GRANTS** Plaintiff's MTR and **REMANDS** this matter to Los Angeles County Superior Court for lack of subject matter jurisdiction. The MTD is **DENIED as moot**.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

On September 13, 2021, Plaintiff filed a class action complaint in Los Angeles County Superior Court against Element HB. Notice of Removal ("NOR"), Ex. B [Doc. # 1-2]. On September 15, 2021, Plaintiff filed the operative First Amended Complaint ("FAC"), asserting various wage-and-hour violations on behalf of the following proposed class:

> All California citizens currently or formerly employed as non-exempt employees by Defendants in the State of California within four years prior to the filing of this action to the date of class certification.

And the following proposed subclass:

> All members of the Class who separated their employment from Defendants in the State of California within four years prior to the filing of this action to the date of class certification.

NOR, Ex. A ¶¶ 19-20 [Doc. # 1-1].

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-8581-DMG (Ex) | Date | April 22, 2022 |
|---|---|---|---|
| Title | Mark Clemons v. Element Materials Technology Huntington Beach LLC | Page | 2 of 5 |

    On October 29, 2021, Element HB removed the action to this Court, invoking jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  NOR ¶ 9.  Element HB filed its MTD on November 5, 2021.  On November 10, 2021, Plaintiff filed his MTR, asserting that (1) the amount in controversy does not meet the $5,000,000 jurisdictional threshold for CAFA, and (2) the parties are not diverse for purposes of CAFA jurisdiction.[1]

## II.
## LEGAL STANDARD

    Defendants may remove a case filed in a state court to a federal court if the federal court would have original jurisdiction over the case.  28 U.S.C. § 1441.  There is no presumption against removal in CAFA cases.  *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992-93 (9th Cir. 2022).  Instead, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."  *Id*. at 993 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).  The party seeking removal has the burden to establish that the requirements of CAFA are satisfied.  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015).

## III.
## DISCUSSION

    CAFA affords district courts jurisdiction "over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs."  *Ibarra*, 775 F.3d at 1195 (citing 28 U.S.C. § 1332(d)).  CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens.  28 U.S.C. §§ 1332(d)(2).  Under CAFA, a limited liability company is "deemed to be a citizen of the State where

---

[1] Element HB also asks the Court to deny Plaintiff's MTR for failure to comply with Local Rule 7-3.  Local Rule 7-3 requires "counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution," so that parties might "eliminate[ ] the necessity for a hearing."  C.D. Cal. R. 7-3; *see Hernandez v. Sessions*, 872 F.3d 976, 1000 n.29 (9th Cir. 2017) (stating that Local Rule 7-3 is "an administrative mechanism to reduce unnecessary burdens on the district court's resources").  Although Plaintiff's counsel could and should have tried to comply more fully with Local Rule 7-3, the Court will not deny Plaintiff's MTR on that basis where, as here, Plaintiff's counsel notified Element HB's counsel of their intent to move for remand on November 2, eight days before filing the motion to remand, and in that same email requested to meet and confer.  *See Colodney v. County of Riverside*, 651 F. App'x 609, 611 (9th Cir. 2016) (finding that the district court did not abuse its discretion by declining to find a violation of Local Rule 7-3 where counsel emailed the opposing side in an attempt to meet and confer seven days before filing a motion).

UNITED STATES DISTRICT COURT **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-8581-DMG (Ex)** | Date | April 22, 2022 |
| Title | *Mark Clemons v. Element Materials Technology Huntington Beach LLC* | Page | 3 of 5 |

it has its principal place of business and the State under whose laws it is organized." 28 U.S.C § 1332(d)(10); *see Davis v. HSBC Bank Nev.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (noting that CAFA dissolved the traditional rule that an unincorporated association shares the citizenship of its members for the purpose of diversity).

All putative class members are citizens of California. Element HB asserts it is a citizen of North Carolina, where it is incorporated, and Florida, where its Executive Vice President Americas and Chief Executive Officer ("CEO"), Henrik Sluiter, resides. NOR ¶¶ 11-22.

Element HB previously sought to remove another wage-and-hour class action brought by Plaintiff's counsel to this Court. *See Flores v. Element Materials Tech. Huntington Beach LLC*, No. CV 21-275-DMG (Ex) (C.D. Cal.). This Court granted Flores' motion to remand because Element HB had not met its burden in showing that Florida was its principal place of business for the purposes of establishing diversity under CAFA. *See Flores*, 2021 WL 663124 at *2 (C.D. Cal. Feb. 19, 2021).[2] In the present action, Element HB fails to cure the same issues raised in this Court's order in *Flores* regarding its principal place of business and consequently fails to establish diversity jurisdiction.

The United States Supreme Court has adopted the "nerve center test" to determine an entity's principal place of business for diversity purposes of jurisdiction. *See Hertz Corp. v. Friend* 559 U.S. 77 (2010). Under the nerve center test, an entity's principal place of business is where that entity's "high-level officers direct, control, and coordinate the corporation's activities"— normally, an entity's headquarters, so long as that headquarters is not simply an office for holding board meetings. *Id.* at 93. The nerve center test is an objective inquiry that focuses on the corporation's "place of actual direction, control, and coordination." *Hertz*, 559 U.S. at 79. Under *Hertz*, "the mere filing of a form ... listing a corporation's 'principal executive offices' would, without more," be insufficient to establish a corporation's nerve center. *Id.* at 97.

Sluiter attests that as the CEO, he is responsible for Element HB's management and "oversee[s], control[s], and ha[s] final say over all of Element HB's executive decisions, including strategic, financial, operational, administrative, and policy-making decisions." Sluiter Decl. ¶ 6 [Doc. # 1-4]. But Huntington Beach, California is listed as the mailing and principal office address in Element HB's filings with the California and North Carolina Secretaries of State. *See id.*, Ex. 1. In addition, Element HB does not dispute that the Huntington Beach address also appears on its

---

[2] The Court had previously granted a motion to remand in *Flores* for failure to meet CAFA's amount in controversy. *See Flores v. Element Materials Tech. Huntington Beach LLC*, No. CV 19-932-DMG (Ex), 2019 WL 2418748 (C.D. Cal. June 10, 2019).

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-8581-DMG (Ex) | Date | April 22, 2022 |
|---|---|---|---|
| Title | Mark Clemons v. Element Materials Technology Huntington Beach LLC | Page | 4 of 5 |

website, each of its 28 approvals and accreditations, in its correspondence with its California-based customers, and on the wage statements issued to its employees.  Opp. at 8-9; Sluiter Decl. ¶ 8; Bekam Decl., Ex. D [Doc. # 13-1 at 14].  Sluiter attests that he travels to the laboratory in California about once every six weeks, for two to three days at a time, but generally interacts with on-site managers in California remotely.  Sluiter Decl. ¶¶ 10, 7.  While Sluiter spends less than 10% of his overall time in California, there is no evidence that any other high-level managers travel to Sluiter's Jupiter, Florida office or that Sluiter conducts any in-person meetings in Florida at all.  Sluiter Decl. ¶ 6-10.  In addition, there is no indication that *any* other Element HB employees work in Florida.

Element HB argues that this Court's decision in *Colmenares v. Paedae, Inc.*, supports removal here, but *Colmenares* is distinguishable.  In *Colmenares*, the removing defendant had nine high-ranking officers, three of whom worked in a Granville, Ohio office, while the majority, including the three highest-ranking officers, worked in neither Ohio nor California.  *Colmenares v. Paedae, Inc.*, No. CV 21-5221-DMG (KSx), 2021 WL 4934976, at *4 (C.D. Cal. Oct. 22, 2021). This Court determined that the Granville, Ohio office was the "nerve center" because it was home to "a plurality of its officers with strategic, decision-making, and financial authority, and is the only single place home to more than one of them."  *Id.*  Here, Element HB's three "managers" all work in states different from one another (Ohio, Illinois, and Florida) and different from the location of the company's two laboratories (California).  *See* Sluiter Decl. ¶¶ 5-6.  Indeed, if anything, *Colmenares* shows that the location of the CEO is not dispositive.  *See Colmenares*, 2021 WL 4934976, at *4 (noting the CEO did not work in Ohio).

*Colmenares* was not an easy case, and as this Court noted there, this difficulty is compounded in the post-COVID-19 era, when substantially more employees telecommute.  Indeed, Sluiter claims to have traveled far less frequently in 2020 and 2021 due to travel restrictions and therefore worked from his office in Florida more often.  Sluiter Decl. ¶ 10.  Still, Element HB has shown only that its CEO works in Florida.  This alone is insufficient to make Florida its principal place of business.

Because Element HB has not borne its burden to show that diversity of citizenship exists between it and Plaintiff, it has not established CAFA jurisdiction.  The Court therefore need not address the amount in controversy to conclude it lacks jurisdiction under CAFA.

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 / REMAND |
| Case No. | **CV 21-8581-DMG (Ex)** | Date | April 22, 2022 |
| Title | *Mark Clemons v. Element Materials Technology Huntington Beach LLC* | Page | 5 of 5 |

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR and **REMANDS** this case to Los Angeles County Superior Court for lack of jurisdiction. Element HB's MTD is **DENIED without prejudice as moot**.

**IT IS SO ORDERED.**